

FILED
SEP 14 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,

    Plaintiff,

v.

DEPARTMENT OF THE ARMY,

    Defendant.

Case: 1:21−mc−00114
Assigned To : Unassigned
Assign. Date : 9/14/2021
Description: Misc.

Misc. Action No.

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Plaintiff, a physician who worked as an active duty United States Army officer until August 2017, has filed a motion to proceed under pseudonym in her action against the Department of the Army alleging violations of the Administrative Procedures Act ("APA") and the Due Process Clause of the Fifth Amendment, and seeking to remove certain "negative information" from her personnel files. Pl.'s Mot. to Proceed under Pseudonym ("Pl.'s Mot.") at 1. For the reasons set forth below, plaintiff's motion is denied.[1]

### I.   BACKGROUND

Plaintiff "worked as an emergency room doctor at Fort Benning Martin Army Community Hospital (MACH) as an active duty United States Army officer between January 2014 and August 2017." Compl. ¶ 6. In 2016, Plaintiff experienced "medical complications" that prevented her deployment and created conflicts with her command. *Id.* ¶ 8. Her clinical privileges were then placed into abeyance pending investigation, *id.,* and, in August 2017, plaintiff was discharged from the Army, *id.* ¶ 9. Even though she had already been

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

discharged, plaintiff's "case went before a Peer Review Panel ('PRP') for consideration of whether [plaintiff] demonstrated treatment error with failure to diagnose, delay of diagnosis, delay in treatment, or error in clinical judgement in her treatment of two patients." *Id.* ¶ 10. The PRP recommended reinstatement of privileges, but with "100% supervision by another emergency medicine physician" under a monitoring and evaluation plan. *Id.* ¶ 12. Under normal circumstances, this record of alleged substandard performance would be "erased from the provider's record" once the monitoring and evaluation plan was complete. Pl.'s Mot. at 7–8. Plaintiff was concerned that this adverse record would be reported to future employers, however, because she was no longer working for the Army and would be unable to fulfill the plan, so she requested that this information be removed from her record. Compl. ¶ 15. After communication with the agency and an attempt to appeal the decision, plaintiff was informed in January 2021 that "the decision would remain." *Id.* ¶ 20.

Plaintiff now brings claims under the APA and the Due Process Clause of the Fifth Amendment, challenging the Department of the Army's implementation of a monitoring and evaluation plan that she had no opportunity to complete. *Id.* ¶¶ 26, 38. She moves to proceed under pseudonym because the purpose of the lawsuit is "to remove illegitimate negative information from her personnel files" and proceeding under her own name "would place that illegitimate information into the public sphere." Pl.'s Mot. at 1.

## II.  LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and

telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access.  *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless court orders otherwise," use of only initials for minors, only partial birthdates, social-security, taxpayer-identification and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, this Court is not persuaded that the plaintiff has met her burden of showing that her legitimate privacy interests outweigh the public's presumptive interest in knowing the details of this litigation. Plaintiff has demonstrated no privacy interest sufficient to rebut the presumption in favor of open proceedings.

The first factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97—weighs against plaintiff. Plaintiff argues that if she is "required to file her complaint under her real identity, the allegations of substandard care that have been made against her would become a matter of public record." Pl.'s Mot. at 8. Plaintiff provides no authority, however, for the argument that this kind of professional reputational interest warrants anonymity, and this Court has previously rejected the argument that the mere fact of discipline by an employer is grounds for anonymity. *See, e.g.*, *Doe v. Garland*, Case No. 21-mc-44, 2021 WL 3622425, at *2 (D.D.C. Apr. 28, 2021). Even if some information regarding the details of plaintiff's disciplinary record were sensitive and highly personal, this would at most warrant limited sealing of that information, rather than "to grant the rare dispensation of anonymity." *Microsoft Corp.*, 56 F.3d at 1464.

The second factor, "whether identification poses a risk of retaliatory physical or mental harm," *In re Sealed Case*, 931 F.3d at 97, weighs against plaintiff because there is no alleged risk of physical or mental harm. Likewise, the third factor, "the ages of the persons whose privacy interests are sought to be protected," *id.*, is not relevant because the privacy interests of minors are not implicated.

5

The fourth factor, the fact that this suit is against the government, weighs against plaintiff's motion, but only very slightly. "[T]here is a heightened public interest when an individual or entity files a suit against the government." *In re Sealed Case*, 971 F.3d at 329. Nothing about the identity of the government defendant, however, creates any heightened need for transparency with respect to the plaintiff's identity. *Cf. id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations).

The fifth factor weighs in plaintiff's favor because allowing plaintiff to proceed under pseudonym will not prejudice defendant in any way. Plaintiff's identity will be known to the government, *see* Pl.'s Mot. at 8, so allowing her to proceed under pseudonym would not compromise defendant's ability to defend this action and would pose no "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

In sum, plaintiff presents no compelling justification for "the rare dispensation of anonymity," *In re Sealed Case*, 971 F.3d at 326, and has failed to either demonstrate a need for secrecy or identify consequences likely to befall her if she proceeded in her own name.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed under Pseudonym is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall not file plaintiff's Complaint on the docket unless it is filed with plaintiff's full name in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: September 14, 2021

_____
BERYL A. HOWELL
Chief Judge